IN THE UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT

                         _____

                             No. 95-60058
                          Conference Calendar
                         _____


TONY MARASCALCO,

                                        Plaintiff-Appellant,

versus

WESTON BIRDSONG ET AL.,

                                        Defendants-Appellees.

                    - - - - - - - - - - -
                Appeal from the United States District Court
                 for the Northern District of Mississippi
                       USDC No. 3:93-CV-96-B-D
                    - - - - - - - - - - -
                         August 24, 1995


Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Appellant, Tony Marascalco, a Mississippi state prisoner,

appeals the district court's dismissal of his 42 U.S.C. § 1983

action as barred by the applicable statute of limitations.

     There is no federal statute of limitations for § 1983

actions, and the federal courts borrow the forum state's general

personal injury limitations period.  Owens v. Okure, 488 U.S. 235

(1989); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir.), cert.

denied, 501 U.S. 1235 (1991).

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Although Marascalco alleged that he was arrested and incarcerated in January and June 1989, he did not allege that he suffered a specific injury or damage during either of those incarcerations. The first date that he alleged that he suffered an actual injury or damage, and the date on which Marascalco's action accrued, was November 1989. As a result, the three-year statute of limitations in Miss. Code Ann. § 15-1-49 (Supp. 1994), which applies to actions accruing after July 1, 1989, is applicable to Marascalco's action. See James v. Sadler, 909 F.2d 834, 836 (5th Cir. 1990). Marascalco's action was not filed within three years of the date that it accrued. Therefore, the district court did not err in dismissing Marascalco's action as barred by the applicable statute of limitations.

AFFIRMED.